## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

J FELIX GARCIA CARDOSA,

       Petitioner,

      v.                                                                    Case No. 1:26-cv-00077 KWR-KRS

GEORGE DEDOS, Warden, Torrance County Detention Center,
*and* KRISTI NOEM*, Secretary of the U.S. Department
of Homeland Security*,

       Respondents.

### ORDER DISMISSING MOTION TO ENFORCE

THIS MATTER comes before the Court on Petitioner's Motion to Enforce the Court's February 13, 2026 Order (Doc. 8). The Court granted Petitioner's habeas petition and ordered that Respondents hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release. Now, Petitioner requests that the Court enforce its judgment and immediately release him or order a new bond hearing.

Petitioner narrowly asserts that the immigration judge violated the Court's judgment by failing to require that Respondents bear the burden of proving risk of flight by clear and convincing evidence under § 1226(a). But as explained below, Petitioner never requested that the Court order this form of relief and the Court did not order the immigration judge to shift the burden on flight risk to Respondents. Moreover, Petitioner challenges the discretionary judgment of the immigration judge, which is barred by § 1226(e). Therefore, the Motion to Enforce is dismissed without prejudice, or in the alternative denied.

**I.**     <u>**Respondents appear to have complied with the Court's judgment as the Court did**</u>

<u>**not shift the burden to prove flight risk to the Respondents.**</u>

Petitioner asserts that the immigration judge violated the Court's judgment by failing to shift the burden at the bond hearing to Respondents to show flight risk by clear and convincing evidence. But he did not ask for such relief in his Petition, and the Court did not order such relief in its judgment.

It is undisputed that an immigration judge held an individualized bond hearing and Petitioner was allowed to present evidence.  Mot., Doc. 8 at 1-2. The immigration judge found that Petitioner was a flight risk. The immigration judge's Order provides as follows:

> In the accordance with the district court's order, this court finds that respondent is presumptively one year barred from seeking asylum, he maintains a speculative forms of relief and has several Voluntary Returns to his home country and his manner of entry is indicative of a person who chooses not to follow the rules or laws of the United States. He is therefore a flight risk that no amount of bond can cure. In the alternative, this court finds that it lacks jurisdiction - Hurtado applies.

Order of the Immigration Judge, Doc. 8-1. The parties assert that the immigration judge found that Petitioner was a flight risk in part because he left the country and returned multiple times, but Petitioner asserts this fact has little weight as it occurred twenty years ago. Mot., Doc. 8 at 1-2; Resp. Doc. 10 at 2.

Petitioner did not assert in his Petition that due process requires the Court to place the burden at a bond hearing on Respondents. Thus, his due process claim regarding burden shifting was not before the Court, and the Court did not grant any such relief. *See Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to consider a claim against the United States not raised in the original complaint) (citing *Charles v. Rice,* 28 F.3d 1312, 1319 (1st Cir. 1994) (affirming a district court's refusal to consider an issue not raised in the complaint)); *see also*

2

*Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) ("We do not review these claims because [Petitioner] failed to assert them in his district court petition for habeas relief.").

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner).

Petitioner did not request or demonstrate that the Court should shift the burden to Respondents, and this issue was therefore not properly argued or presented to the Court. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or assert claims on his behalf, it

would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether the burden should be shifted.

As explained below, there is no controlling law mandating that the burden of proof at a bond hearing under § 1226(a) be shifted to Respondents. In his Motion to Enforce, Petitioner appears to analyze the *Mathews* factors, suggesting that the factors warrant placing the burden on the Respondents.  But he did not do so in his Petition. It is fundamental that a Court need only rule on issues and claims before it, as explained above.

Respondents also did not violate any statute, as the statute and regulations do not place the burden on Respondents to prove that Petitioner is a flight risk. The United States Supreme Court in *Jennings* explained that Section 1226(a) is silent as to who bears the burden of proof at a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). In the pre-removal detention context, federal regulation and BIA precedent suggest that the burden is ordinarily on the noncitizen to justify release. 8 C.F.R. § 236.1(c)(3), (4), (8); *In re Adeniji*, 22 I&N Dec. 1102, 1116 (BIA 1999). In sum, neither the statute nor controlling authority required burden shifting in this case. To be sure, some Courts apply the *Mathews* due process test to shift the burden to Respondents. But Petitioner did not raise a due process claim asserting that the burden should be shifted, and did not apply the *Mathews* test to the facts of this case in his Petition to show that burden-shifting was warranted.

Petitioner also asserts that the immigration judge violated the Court's judgment by stating in the alternative that he lacked jurisdiction. But the immigration judge held a bond hearing. Petitioner was allowed to present evidence, and the judge's primary reason for denying bond involved weighing the evidence and concluding that he was a flight risk.  The Court concludes that the immigration judge did not violate the Court's judgment.

4

**II.**     **Petitioner challenges the discretionary judgment of the immigration court, which the Court lacks the authority to review.**

Petitioner appears to challenge the discretionary judgment of the immigration court. Petitioner asserts that he presented evidence that he is not a flight risk.  Mot., Doc. 8 at 1-2. Thus, he appears to challenge the immigration judge's weighing of the evidence and his discretionary judgment. According to Respondents, the Court lacks subject-matter jurisdiction over the Motion because Petitioner asks the Court to review a discretionary decision under § 1226. The Court agrees with Respondents.

Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework).

Petitioner frames his argument as a due process claim. In reality, it appears he challenges the immigration judge's discretionary decision in weighing the evidence and finding he is a flight

5

risk, which the Court finds is barred by § 1226(e). *Kadim v. Holder*, 563 F. App'x 634, 638 (10th Cir. 2014) (finding that due process argument in fact challenged the immigration judge's weighing of the evidence, and court lacked jurisdiction); *Mejia-Cerrano v. Mukasey*, 284 F. App'x 572, 574 (10th Cir. 2008) (claims which are disagreements about balancing of factors that weighed into his discretionary decision, cast as a due process claim, was barred); *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) ("discretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke our jurisdiction"); *Rodriguez-Ortiz v. Wilkinson*, 844 F. App'x 35, 38 (10th Cir. 2021) ("They are nothing more than another way of contending that the Board weighed the evidence incorrectly and made the wrong discretionary decision, and we lack jurisdiction to review such claims.").[1] Here, Petitioner asserts that he presented sufficient evidence to show he was not a flight risk.  This is a classic challenge to an immigration judge's weighing of the evidence.

Therefore, Petitioner challenges a discretionary decision by the immigration judge, which is barred by § 1226(e).

**III.    To the extent the Motion to Enforce is a motion to reconsider, Petitioner has failed to show that setting aside the judgment under Rule 59(e) is appropriate.**

Alternatively, only assuming Petitioner requests that the Court reconsider its judgment, the Court concludes that he has not demonstrated clear error or shown why he failed to request the burden-shifting relief in his Petition. Therefore, the Court denies the request for reconsideration.

---

[1] To be sure, *Wilkinson* held that *courts of appeals* have jurisdiction over "mixed questions of law and fact" because they "fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *Wilkinson v. Garland*, 601 U.S. 209, 223 (2024). *Wilkinson* did not, however, expressly apply this rule to the separate question of whether *district courts* have jurisdiction to reweigh the evidence and decide whether a party is a flight risk under § 1226(e). Petitioner did not request that the Court act in appellate review of the immigration judge's bond decision and did not assert the appropriate standard of review of the bond decision.

6

If Petitioner's motion is interpreted as a motion to reconsider, it would proceed under Fed. R. Civ. P.  59(e), as it was filed within 28 days of the entry of judgment. "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting in part *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  However, Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

However, "[Rule 59(e)] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Petitioner failed to raise the burden-shifting relief in his Petition, and he has not explained why he did not request such relief in his Petition or explain why he could not do so. On this basis alone, the Rule 59(e) motion fails. *Banister,* 590 U.S. at 508 ("[C]ourts will not address new

arguments or evidence that the moving party could have raised before the decision issued.");

*Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to

revisit issues already addressed or advance arguments that could have been raised in prior

briefing."). For example, Petitioner did not request the Court shift the burden at a bond hearing,

and he not assert a Due Process Clause claim to shift the burden. To determine whether to shift the

burden to Respondents, courts often analyze the *Mathews* factors. Here, Petitioner did not raise or

analyze the *Mathews* factors to determine whether the burden at a bond hearing should be shifted

to the Respondents.

Alternatively, Petitioner does not argue clear error or that the Court's ruling violated

controlling law. As Petitioner admits, there is no controlling law requiring the Court to shift the

burden at a bond hearing under § 1226(a). Mot., Doc. 8 at 2. He asserts that the Due Process Clause

*generally* requires that the burden be placed on the Respondents to show that detention is warranted

by clear and convincing evidence in all civil detention cases. He does not assert that any due

process violation in this case requires shifting the burden as a remedy.

The *Jennings* Court noted that § 1226 does not require the Respondents to (1) hold periodic

bond hearings (2) where it must prove that detention is warranted by clear and convincing

evidence. *Jennings,* 583 U.S. at 306. Although *Jennings* only addressed a statutory claim,

Petitioner has not explained why the Court should deviate from United States Supreme Court

precedent.

Similarly, persuasive cases from courts of appeals have held that the burden is not placed

on the Government at a § 1226(a) bond hearing to show a noncitizen is a flight risk. *Rodriguez

Diaz v. Garland*, 53 F.4th 1189, 1202-1203 (9th Cir. 2022) (rejecting placing burden on

Government at bond hearing under § 1226(a) at a second bond hearing under due process analysis);

*Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (holding that the detainee bears the burden of proof under § 1226(a)); *Miranda v. Garland*, 34 F.4th 338, 365–66 (4th Cir. 2022) (applying the *Mathews* test and holding that noncitizens bear the burden of proving by a preponderance of the evidence that they are neither a danger nor flight risk); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580 (2022) (§ 1231(a)(6) does not require a bond hearing where Government bears the burden of proving by clear and convincing evidence that noncitizen poses a flight risk or danger to the community).

Because, as Petitioner admits, there is no controlling law mandating shifting the burden to the Respondents at a § 1226(a) bond hearing, the Court's judgment did not violate controlling law and the Court did not commit clear error.

Finally, to the extent Petitioner requests that the Court now order that the immigration judge shift the burden, he has not requested or demonstrated that the Court should (1) set aside the judgment and (2) allow him to file an amended petition asserting such claim. Generally, a party seeking to (1) reopen a case under Rule 59 (2) in order to file an amended petition must satisfy the Rule 59 standard before the Court addresses whether to amend the petition under Rule 15. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Here, Petitioner effectively attempts to add a new claim to his habeas petition, which would likely require an amended petition. Petitioner has not attempted to satisfy either the Rule 15 or Rule 59 standard.

## CONCLUSION

The Court lacks authority to reconsider the immigration judge's discretionary bond decision. Alternatively, the immigration judge did not violate the Court's judgment as Petitioner never requested that the Court shift the burden, and the Court therefore did not order such relief.

9

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 8) is **DISMISSED WITHOUT PREJUDICE**.  Alternatively, it is **DENIED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE